John P. COX, D.O. and Susan M. Cox, his wife and Marla Elizabeth Cox and Jenna Renee Cox, by their parents and natural guardians, John P. Cox and Susan M. Cox, Plaintiffs,

v.

RADIOLOGY CONSULTING ASSOCIATES, INC., Defendant.

Civ. A. No. 86–265 Erie.

United States District Court, W.D. Pennsylvania.

April 22, 1987.

Richard T. Ruth, Erie, Pa., for plaintiffs.

John B. Lewis, Gregory V. Mersol, Arter & Hadden, Cleveland, Ohio, Jacques M. Wood, John C. Greeno, Berkman Ruslander Pohl Lieber & Engel, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff John P. Cox in this diversity action alleges that he was wrongfully discharged in violation of a public policy. Defendant Radiology Consulting Associates, Inc., plaintiff's former employer, has moved for summary judgment on the grounds that Pennsylvania would not recognize a cause of action in this instance and, alternatively, that federal law would preempt any such claim. Defendant has supplied the court with evidentiary materials and brief in support of its motion to which plaintiff has replied with its briefs in opposition. The matter is ready for disposition.

As we read plaintiff's complaint, it alleges that John Cox was discharged in retaliation for his reporting information to the Nuclear Regulatory Commission regarding nuclear safety violations at Metro Health Center's Nuclear Medicine and Ultrasound Departments. Plaintiff indicates that he informed his supervisor at Radiology Consulting Associates about serious quality and patient safety problems during the summer of 1984, winter of 1985, and the summer of 1985. Plaintiff goes on to allege that his termination was sought "because of the truthful information plaintiff had provided to the Nuclear Regulatory Commission and because of plaintiff's prior complaints to defendant about the quality and patient safety problems ...". Complaint, p. 5, ¶ H. Counts 2, 3 and 4 seek damages for loss of spousal and filial consortium and emotional distress on behalf of Cox's wife and children.

■ We accept, after examining Cox's written contract, that his employment was "*at will*", containing no just cause provision, but only a requirement that either party give ninety days' notice of any termination. In Pennsylvania, an employee-at-will may be terminated for any or no cause unless there is a statutory or contractual provision to the contrary. *Murray v. Commercial Union Insurance Co.*, 782 F.2d 432, 435 (3d Cir.1986). Nonetheless, plaintiff relies on an exception to the employment-at-will doctrine in Pennsylvania by alleging that his termination is in violation of a public policy. *See Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). However, this public policy exception has been narrowly interpreted. *See Bruffett v. Warner Communications, Inc.*, 692 F.2d 910 (3d Cir.1982). This court has noted in the past that Pennsylvania

courts have found a common law action based on the public policy exception only in cases where no statutory remedy was available. *See Wolk v. Saks Fifth Avenue, Inc.*, 728 F.2d 221 (3d Cir.1984); *Holmes v. Schneider Power Corp.*, 628 F.Supp. 937 (W.D.Pa.1986). In this case, Cox does have a statutory remedy. Section 201 of the Energy Reorganization Act (ERA) of 1974, 42 U.S.C. § 5851, prohibits the discharge of an employee for assisting a Nuclear Regulatory Commission investigation. The fact that the remedy provided by statute is only available to those who have met the 30 day statute of limitations does not change the fact that a statutory remedy is available. Dr. Cox is currently appealing the administrative decision to deny his ERA complaint for failure to comply with the statute of limitations. This appeal and his arguments in connection thereto are before the Third Circuit and will not be addressed herein. We merely conclude that a statutory remedy is available, however limited, which can potentially give complete redress for the wrongs which Cox alleges he suffered, and that Pennsylvania courts would therefore decline to find a public policy exception under these circumstances.

Neither do we accept plaintiff's attempts to recharacterize the circumstances of his termination as one in which plaintiff was discharged because of his concerns over patient safety. The allegations of the complaint and plaintiff's own allegations of when various incidents occurred show, if anything, that defendant's discovery of Cox's complaints and information given to the Nuclear Regulatory Commission precipitated Cox's termination even if these were not the sole cause.[1] We do not believe that Pennsylvania courts would ignore the statutory remedy available in order to find a public policy exception based on a physician's concern for plaintiff's safety when any rights plaintiff may have had could have properly been resolved by pursuing the statutory remedy. *See Murray v. Commercial Union Insurance Co.*, 782

F.2d 432, 437 (3d Cir.1986). Because of our findings on this issue, we find it unnecessary to address the preemption argument which defendant also advances.

Furthermore, the claims of Susan, Marla, and Jenna Cox are derivative to those of Dr. Cox and cannot be maintained in the absence of any cause of action on his part. *See Murray*, 782 F.2d at 437. Neither does Pennsylvania provide a cause of action for emotional distress under these circumstances, nor for filial consortium.

An appropriate order will issue.

### ORDER

NOW this 22nd day of April, 1987, in accordance with the accompanying Opinion, IT IS ORDERED that defendant's Motion for Summary Judgment is GRANTED, and JUDGMENT is ENTERED in favor of Defendant and against plaintiff in this action. This ends all further proceedings in this action.

---

**1.** Defendant contends that Dr. Cox was terminated as a result of his foul and intemperate language towards staff and patients, frequent lack of availability during emergencies and other work-related problems. However, defendant concedes that Dr. Cox's factual allegations are to be taken as true for purposes of defendant's motion.